UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD THOMAS SNYDER,**

        **Petitioner,**

v.                                            **Case No: 6:20-cv-1275-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his Supplemental Security Income. On June 5, 2019, the Administrative Law Judge (ALJ) issued an unfavorable decision finding that Claimant was not under a disability as defined in the Social Security Act since March 22, 2017, the date the application was filed. The Appeals Council denied Claimant's request for review.[1]

Having considered the parties' joint memorandum and Claimant's response which was filed without leave of Court, and being otherwise fully advised, the Court concludes that the Commissioner's decision is due to be **AFFIRMED**.

### I.    Issues on Appeal

Claimant makes two arguments on appeal: (1) the ALJ improperly weighed the medical opinions of record based on an inadequate rationale and without substantial evidence at each step

---

[1] The Social Security Administration (SSA) has amended its regulation and rescinded SSR 06-03p, 2006 SSR LEXIS 5 for claims filed *after* March 27, 2017.

of the sequential evaluation process; and (2) the Appeals Council improperly rejected Claimant's new and material evidence. Doc. 19.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

### A. Issue One: Whether the ALJ properly weighed the medical opinions of record

In his first assignment of error, Plaintiff complains that the ALJ improperly gave the opinion of his treating physician, Dr. Arcand, little weight as it was entitled to more weight under the regulations. Docs. 19, 20.

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a

statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; see also 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant contends that the residual functional capacity (RFC) conflicts with the March 25, 2019 opinion of Dr. Arcand, M.D., treating physician, and the ALJ failed to establish good cause for discounting the weight that should have been afforded to the record. Doc. 19 at 19; Doc. 20. The ALJ determined that Claimant has an RFC to perform light work except that:

> claimant can climb ramps and stairs occasionally, never climb ladders, ropes or scaffolds, balance occasionally, stoop frequently, never kneel, never crouch and never crawl, can work at unprotected heights frequently, moving machine parts frequently, in humidity and wetness frequently, in dust, odors, fumes and other pulmonary irritants frequently.

R. 40.

Claimant states that "light work" requires an ability to stand and/or walk at least 6 hours total out of an 8-hour workday. *Id*., citing SSR 83-10.  However, Dr. Arcand opined that Claimant could stand for half an hour without interruption and a total of only 2 hours of standing and walking in an 8-hour workday. *Id*., citing R. 586.  Claimant also states that Dr. Arcand opined that Claimant could never balance or stoop due to his amputation below the knee on the right leg and disc herniations in the lumbar spine. *Id*.  Further, Dr. Arcand opined that Claimant would be absent from work more than four days per month due to his impairments or treatment. *Id*, citing R. 587.

As Claimant represents, the ALJ considered Dr. Arcand's March 2019 opinion and assigned it "little weight."  R. 61.  The ALJ found the following:

> In March 2019, Dr. Arcand opined that the claimant is able to lift and carry 10-20 pounds occasionally, can stand half an out interruption, 2 hours total in an 8 hour day, sit for 1 hour at one time and 7 hours total in an 8 hour day, can never climb, balance, stoop, crouch, kneel or crawl, has limited pushing and pulling and would be absent more than 4 days per month. (Ex. 17 F)
> ***
> As for the opinion evidence, I grant little weight to the opinion of Dr. Areand because it is inconsistent with the record as a whole.  Specifically, it is inconsistent with mild to moderate findings on imaging and the claimant's conservative treatment with no need for surgery.  The limitations on postural activities are extreme and unsupported by the medical record.  They are also inconsistent with the claimant's reported improvement with physical therapy and his ability to work on and ride antique motorcycles, do some chores and go shopping.

R. 43.

Based on these findings, Claimant argues that good cause did not exist to assign "little weight" to the opinion of Dr. Arcand, who "treated [Claimant's] back pain for such a long time," and it was error to give more weight to the opinions of Dr. Barber, an examining physician, and a non-examining state agency physician.  Specifically, Claimant challenges the ALJ's determination regarding the imaging and the "no need for surgery."  Doc. 19 at 21.  Claimant disagrees with the ALJ's decision regarding "no need for surgery" because he asserts it fails to

consider his own testimony that he went to Dr. Keller at Atlantic Orthopedic and was told "either cortisone shots or back operation or deal with the pain. That was my choices." Doc. 19 at 21, citing 61.  Also, in a footnote, Claimant states that the record contains x-rays from April 2015 which show an abnormal fibula leading Dr. DeLorenzi to perform a fibulectomy  Doc. 19 at 20, n.5.

Claimant also contends that the ALJ findings regarding the physical therapy were erroneous because "a careful reading of the physical therapy records reveals that between January 9, 2018 and April 26, 2018, [Claimant] went to Beachside Physical Therapy for treatment" and he "reported pain in the neck and shoulders" and the physical therapy was reduced to one visit every week due to financial hardship. *Id*.  Claimant states that he had not met his goal to improve low back strength to allow prolonged walking of 2 hours daily and he had not met the physical therapy goal of improving low back pain to allow sustained standing for 4 hours daily. *Id*.

Based on the foregoing, Claimant concludes that Dr. Arcand's limitation of 2 hours of total standing and/or walking in an 8-hour workday is consistent with the physical therapy records and his treatment notes support his opinion and the assignment of "little weight" is unsupported. *Id*. at 23.  Claimant adds that the ALJ's treatment of the opinion is not harmless error in light of the two-hour limitation for standing and walking *and* sedentary jobs are eliminated because of the inability to stoop. *Id*. at 20.  Further, Claimant states that the Vocational Expert testified that no more than one unscheduled absence is allowed per month. *Id.*, citing R. 67.  Accordingly, Claimant argues that the four absences a month, that Dr. Arcand opines would occur, "would quickly lead to dismissal." *Id*.

Claimant is correct that the RFC appears to conflict with Dr. Arcand's opinion but the Court agrees with the Commissioner that the ALJ stated with particularity the weight given to the

physician's opinion, adequately explained the weight afforded to the opinion, and demonstrated the good cause exists because evidence supported a finding contrary to the limitations in Dr. Arcand's record.  One reason is sufficient to reject a treating physician's opinion.  *See D'Andrea v. Comm'r of Soc. Sec. Admin*., 389 F. App'x 944, 948 (11th Cir. 2020) (rejecting the argument that the ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").  Here, the ALJ gave multiple reasons for discounting the opinion which included that Dr. Arcand's limitations were contradicted by (1) diagnostic imaging; (2) Claimant's activities including working on and riding motorcycles; (3) the conservative nature of the treatment; and (4) the opinion evidence from an examining physician and the state agency non-examining physician.

In short, the Court agrees with the Commissioner's recitation of these factors.  Namely, the ALJ did note the May 2015 fibulectomy, but then discussed in detail Claimant's imaging records noting that disc bulges were mild to moderate with central stenosis.  R. 41.  The ALJ concluded that the imaging indicated generally mild to moderate changes and the Claimant did not require emergency care for stabilization.  *Id*.  The Court will not reweigh the evidence and the ALJ's finding is supported by the substantial evidence.

Further, while Claimant is correct that the Eleventh Circuit has found that basic household chores do not necessarily disqualify a person from a disability finding (Doc. 20, citing *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997),[2] the ALJ also mentioned many times in the decision that Claimant works on or rides an antique motorcycle, has the ability to do repairs, drive and visit friends, handle finances, and can follow written and spoken instructions well (R. 41-43); activities

---

[2] The Eleventh Circuit in *Callahan* found that participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability.).  125 F.3d at 1441.

that Claimant does not contend in the Joint Memorandum did not occur. *See* Doc. 19. The Court finds that these activities amount to more than simple household chores.

But even so, the Court finds that Claimant's reliance on *Callahan* is misplaced. The ALJ did not find that these activities definitively established that Claimant was not disabled or otherwise diminished his credibility with respect to the ALJ's analysis of this physician's opinion. Instead, the ALJ found that the activities are inconsistent with Dr. Arcand's opinion and that inconsistency, along with the other factors, led to the assignment of "little weight." So, assuming *arguendo* that these activities can be construed as minor non-vigorous activities, there is no showing or citation to authority establishing that taking this factor into consideration to simply evaluate Dr. Arcand's opinion was error.

Next, with respect to the ALJ's finding that treatment was conservative, the ALJ discussed in the decision the recommendation of Dr. Keller, M.D., pain specialist, who treated Claimant in August 2017. The ALJ noted that Dr. Keller only recommended non-surgical care, referred him to physical therapy, and prescribed Naprosyn. R. 41. The ALJ adequately discussed the record with respect to this issue.

Also, in response to Claimant's position regarding his need for surgery which is supported by his testimony at the hearing that the surgery was a necessity, the Commissioner points out that the ALJ questioned him further and Claimant confirmed that the specialist he referred to is the Atlantic Orthopedic in 2017. Doc. 19 at 30, citing R. 62. However, a review of Dr. Keller's 2017 Atlantic Orthopedic record states, "I told the patient my recommendation would be for non-surgical care." R. 418. As such, Claimant cites to no medical record to support his contention that surgery was required and nothing to undermine the ALJ's reliance on the Dr. Keller's records to the contrary.

Overall, the Court finds that good cause exists and the ALJ did not err in assigning "little weight" to Dr. Arcand's opinion.

Finally, the Court notes that Claimant mentions a few times that he lacked insurance or the financial ability to obtain treatment. *See* Docs. 19, 20. Claimant, however, does not argue that the ALJ erred in considering or failing to consider this factor. Accordingly, to the extent he attempts to raise a separate argument regarding his insurance or financial hardship, the argument is deemed waived. *See Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at *n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably waived.).

Even if the issue is not abandoned, Claimant is not entitled to relief. A claimant's inability to afford medical care excuses lack of such care. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating that the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]") (citations omitted). Although a remediable or controllable medical condition is generally not disabling, "when a claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Id*. "Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." *Id*., citing *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

While Claimant mentions that he lacked insurance and had an inability to pay, there is no argument that the ALJ factored that into the decision or that his inability to pay excused his lack of care. In other words, there is no error.

### B. Issue Two: Whether the Appeals Council properly rejected Claimant's evidence

The records to which Claimant cites in the second assigned of error were not presented to the ALJ but were submitted to the Social Security Administration's Appeals Council. A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. § 404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5).

Here, Claimant submitted the following records:

(1) Gary M. Weiss, M.D.'s records dated July 18, 2019 to August 28, 2019

(2) Gary M. Weiss, M.D.'s Physical Restrictions Evaluation dated September 24, 2019.

R. 2.

The Appeals Council determined that the additional evidence does not relate to the period at issue and, therefore, does not affect the decision about whether Claimant was disabled pending on or before June 5, 2019. R. 2.

Claimant argues that the Appeals Council ignored the fact that Dr. Weiss' form covers the period before decision and, therefore, is chronologically relevant. *Id*. Dr. Weiss' September 24, 2019 Physical Restrictions Evaluation states that the time period for which the form applies to

- 9 -

begins March 27, 2017 through the present date, and the responses to the form questions were made after reviewing Drs. Arcand's records from July to August 2017 and Atlantic Orthopedic Group's records from August to October 2017.  R. 8.  Claimant asserts that Dr. Weis had finished testing and had examined Claimant multiple times before completing the Physical Restrictions Evaluation on September 24, 2019.  *Id*.  Claimant adds that the ALJ noted only mild to moderate findings on imaging, but Dr. Weiss ordered a cervical MRI which revealed a herniated nuclei pulposi at C3-4 greater than C4-5, C5-6, C6-7, and C7-T1.  Also, the MRI of the lumber spine revealed herniated discs at L3-4 and L4-5 greater than L2-3.

As such, Claimant argues that there is a reasonable probability that the ALJ would credit Dr. Weiss' opinion over the opinions of the non-examining state agency physicians as well as Dr. Barber.  *Id*. at 34.

New evidence is chronologically relevant if "it relates to the period on or before the date of the hearing decision."  20 C.F.R. § 416.1470(a)(5); *Washington v. Soc. Sec. Admin. Comm'r*, 791 F. App'x 871, 876 (11th Cir. 2019).  In *Washington*, the Eleventh Circuit held that the opinion of a psychologist who examined the claimant seven months after the ALJ's decision was chronologically relevant, noting that "medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant."  806 F.3d at 1322-23.  However, *Washington* has since been "confined to 'specific circumstances' – where the claimant had described symptoms from the pre-ALJ period and the practitioner had reviewed records from that period."  *Downing v. Comm'r of Soc. Sec.*, 2021 U.S. App. LEXIS 15034 at *4-5 (11th Cir. May 20, 2021) (citing *Hargress v. Soc. Sec. Admin. Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018)).

"Records relate back if they reflect that, in reaching his post-decision opinion, the doctor reviewed records from the claimant's treatment that came before the ALJ's decision and if those

records demonstrate that the condition or symptoms were more severe than the ALJ determined." *Wilkerson v. Berryhill*, 2018 U.S. Dist. LEXIS 43078 at *20 (N.D. Ala. Mar. 16, 2018).

The ALJ issued the unfavorable decision on June 5, 2019 finding that Claimant has not been under a disability since March 22, 2017, the date the application was filed. R. 44, citing 20 CFR 416.920(g)). On its face, the Physical Restrictions Evaluation and MRI result were concluded months after the period of disability. R. 8-11, 22-31. While the form states that it applies to March 27, 2017 through the present, there is no discussion in the record that explains how these results actually relate back to a prior date. *See id*. The evidence does not explore whether, at an earlier time, the pain was better or worse or more limiting in a way that might have impacted the ALJ's assessment. As such, the Court agrees with the Appeals Council that the evidence is not chronologically relevant.

The Court acknowledges though that the form at least states that it relates to March 27, 2017 through the present *and* states that the responses were made after reviewing the 2017 records. R. 22. Thus, assuming *arguendo* that Claimant timely submitted the MRI and the evaluation, and that they are chronologically relevant, the records are still insufficient to show that Claimant's back and neck issues caused a disabling limitation not accounted for in the RFC. *Wilkerson*, 2018 U.S. Dist. LEXIS 43078 at *20 (citing *Stone v. Soc. Sec. Admin.*, 658 Fed. Appx. 551, 553 (11th Cir. 2017) (finding that even if the Appeals Council improperly failed to consider the post-decision records there is no error if they do not create a reasonable possibility that that the statement in the record would have changed the result of the proceedings); *see also Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (stating that "a diagnosis or a mere showing of' 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work") (quoting *McCruter v. Bowen*, 791 F.2d

1544, 1547 (11th Cir. 1986)). Claimant must also show that a reasonable possibility exists that the new evidence would change the administrative outcome. *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988).

Claimant makes the conclusory statement that the records could reasonably change the result of the proceedings but does not explain how. The record regarding the subsequent MRI imaging reflects the herniated nuclei pulposi and discs, but there is no discussion of how that is inconsistent with the "mild to moderate findings on imaging" and certainly does not demonstrate that the RFC would be impacted by these findings. Also, Claimant does not discuss how the Physical Restrictions Evaluation form affects the RFC or the ALJ's decision that he is not disabled.

Claimant provides a summary of the records and discusses *Washington* but makes no adequate attempt to demonstrate that the evidence is likely to change the decision, nor does he suggest what, if any, additional functional limitations are evidenced by the records.

Here, the Appeals Council determined that the evidence does not affect the ALJ's decision and Claimant has not demonstrated that this finding is erroneous. Considering the record as a whole, the Court finds that Claimant has not established that there is no reasonable possibility that the new evidence would change the ALJ's decision as to the period at issue.

Moreover, the Appeals Council is not required to give a detailed explanation or to address each piece of evidence individually. *See Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). To the limited extent that Claimant submitted the MRI to show a new or worsening condition after the ALJ's decision, the evaluation would still not be chronologically relevant. *Ring v. Soc. Sec. Admin.*, 728 Fed. Appx. 966, 969 (11th Cir. 2018) (finding a medical opinion not chronologically relevant when it related to the worsening of a condition or the onset of a new condition after the date of the ALJ's decision.).

**IV.    Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**;

2. The Clerk is directed to enter judgment for Commissioner and close the case.

   **ORDERED** in Orlando, Florida on July 28, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties